**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Ignacio MORALES–GARCIA, also known as Jose Ignacio Morales–Garcia, also known as Jose Portillo, also known as Abraham Molina, also known as Amilcar Palacio, Defendant–Appellant.**

**No. 13–50880
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 17, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Donna F. Coltharp, Assistant Federal Public Defender, Federal Public Defender's Office, El Paso, TX, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

---

Before JOLLY, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM: *

Ignacio Morales–Garcia was convicted of illegal reentry into the United States and was sentenced to serve 60 months in prison and a three-year term of supervised release. In this appeal, he contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We typically review the substantive reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). However, when, as is the case here, the defendant does not object to his sentence, then his appellate claims are reviewed for plain error only. *See United States v. Peltier*, 505 F.3d 389, 390–92 (5th Cir.2007). To meet this standard, Morales–Garcia must show an error that was clear or obvious and affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). If he makes such a showing, this court has the discretion to correct the error, but we will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). Morales–Garcia has not met this standard.

The presumption of reasonableness afforded a within-guidelines sentence such as Morales–Garcia's "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *See*

*United States v. Cooks*, 589 F.3d 173, 186 (5th Cir.2009). Morales–Garcia has not made this showing. Rather, his argument that his sentence is unreasonable because both the district court and the Guidelines gave too much weight to his prior assault conviction amounts to little more than a disagreement with the propriety of the sentence, which does not show unreasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir.2010). Finally, as Morales–Garcia concedes, his argument that the presumption of reasonableness should not be applied to his sentence because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009); *United States v. Mondragon–Santiago*, 564 F.3d 357, 366–67 (5th Cir.2009).

The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.